# In The United States Court of Federal Claims

| | | |
|---|---|---|
| **Seraphin Transport Co.**<br>**P.O. Box 273**<br>**Lakebay, Washington 98349**<br>Plaintiff,<br>vs.<br>**The United States**<br>Defendant | ) | Case No. 07-359C<br>Judge Francis M. Allegra |

## <u>First Amended Complaint for Termination for Convenience Costs and Bad Faith Termination</u>

Seraphim Transport Co., Plaintiff, pursuant to RCFC 15(a) amends its Complaint as of course as follows:

Seraphim Transport Co., Plaintiff, by its attorney, Michael J. Trevelline, sues the United States of America, Defendant, and states:

1. This Court has jurisdiction over these parties and these matters pursuant to 28 U.S.C. § 1491(a)(1) and the Contract Disputes Act, 41 U.S.C. § 601 et seq. (the CDA).

2. Plaintiff is a Washington State general partnership in the business of providing various services to the United States and other entities, with operations in Kuwait, and Plaintiff is a small, disabled-veteran, minority-owned business.

3. Defendant is the United States of American, acting through the U.S. Army.

4. This is an appeal from a deemed denial of a

termination proposal submitted on 31 October 2006.

## The Contract

5. On or about 19 December 2005, the Army awarded Contract W912D1-06-C-0018 to Seraphim.

6. The contract was a one-year agreement for bottled water to be delivered to various locations in Kuwait and Iraq as the government required. (Exhibit A; first page of the Contract.)

7. The original solicitation and contract provided for a purchase of $17,000,000 worth of water and required warehousing and storage for approx. up to 450,000 cases per month.

8. A modification effective 20 December 2005 reduced the contract to $3,500,002 for the annual purchase (Exhibit B: Amendment of Solicition/Modification of Contract).

9. The contract as modified provided that Seraphim would deliver 608,696 cases of bottled water to locations to be designated by the Army at the time of requesting particular deliveries.

10. The contract termed these requests "Calls." Pursuant to the contract, Seraphim was required to be able to accept Calls twenty-four hours per day and to make deliveries anywhere in Kuwait and Iraq as designated by the Army in the Call.

11. The contract provided that, outside of total destruction, Seraphim was responsible for damage done to its delivery trucks.

12. The contracting officer was Major John L. Cockerham.

13. The contract required Seraphim to be able to make deliveries immediately upon award of the contract on 19 December 2005.

14. Under this provision, Seraphim did make prompt delivery of significant quantities of water shortly after being awarded the contract.

## Preparations to Perform

15. Since the contract required immediate ability to deliver water, Seraphim as soon as the contract was awarded promptly prepared to perform as required under the agreement. It contracted with a supplier to provide bottled water, after investigating the supplier's ability to make available at a Kuwait wharehouse bottled water on short notice and in the quantities required by the Government.

16. Likewise, Seraphim negotiated with transportation companies to supply trucks after diligently investigating them to assure they had the ability and wherewithal to transport bottled water on short notice in the quantities required by the Government to any location in Iraq or Kuwait.

17. Since several transportation companies were available and able to supply trucks on short notice, Seraphim shrewdly made known to the companies that they were competing.

18. As well, Seraphim contracted for office and warehouse space.

## Seven Employment Contracts

19. As soon as the contract was awarded, Seraphim entered into contracts with employees. Seraphim contracted for

seven employees to service the contract for one year. The seven include the two Seraphim principals.

20. Seraphim entered into seven employment contracts and Seraphim limits its claim to a small part of its obligations under five of these contracts.

21. Randy Hook was hired to work full-time as contract manager/administrator. Mr. Hook's compensation for the year was set at $144,000 as well as a $10,000 signing bonus and a $10,000 completion bonus ($20,000 in bonuses) . The salary of $144,000 breaks down to weekly payments of $2,769.

22. Michael Hightower was hired to work full-time as an operations manager.

23. Mr. Hightower's compensation for the year was set at $120,000 and the same $20,000 in bonuses. His $120,000 annual salary breaks down to weekly payment of $2,307.

24. Seraphim hired Jerry Joe Hook to work full time and brought him to Kuwait from the United States in January 2006 to work as freight supervisor and driver.

25. His annual salary was $92,000, with $20,000 in the same bonuses. His annual salary of $92,000 breaks down to weekly payment of $1,789.

26. Seraphim hired Anthony Hook as a freight supervisor.

27. His annual salary was $92,000, with $20,000 in the same bonuses. Thus, his annual salary of $92,000 breaks down to weekly payment of $1,789.

28. Seraphim hired Wanda Cirrincione and brought her

to Kuwait from the United States to work as warehouse attendant and ordering supervisor.

29. Her annual salary was $92,000, with $20,000 in the same bonuses. Thus, her annual salary of $92,000 breaks down to weekly payment of $1,789.

30. Seraphim employed Saadia Omar Haji Musa and Umesha Balasuriya to work part-time as warehouse attendants/office clerks when Ms. Cirrincione was unavailable or needed assistance.

31. Their annual salary was $11,000 each, with no bonuses or benefits.

32. Saadia Omar Haji Musa and Umesha Balasuriya performed no duties relevant to the contract. As such, Seraphim is not making a claim for costs incurred under their employment contracts.

33. Seraphim offered salaries and benefits in line with contractor employment of U.S. expatriates in Kuwait.

34. A $10,000 signing bonus and a $10,000 completion bonus is well within the recognized business practice of other government contractors.

35. The completion bonuses are owing since the employment agreements provide that completion bonuses are due and owing when non-completion is not the fault of the employee.

36. Seraphim paid the cost of bringing two employees from the United States to Kuwait—JerryJoe Hook, and Wanda Cirrincione.

37. As well, Seraphim undertook to transport the

immediate family of its employees to Kuwait and to provide housing for all employees and their families.

## Work Completed Under the Contract

38. Seraphim began operations promptly after being awarded the contract on 19 December 2005 and received a Call for 40,000 cases of one-half liter bottles of water in late January 2006.

39. Seraphim promptly delivered the 40,000 case of water to a location in Iraq on time.

40. Accordingly, pursuant to the contract, Seraphim billed the Army $230,000 for the water (40,000 x $5.75).

41. The U.S. Army paid Seraphim for this Call.

## Termination of the Contract

42. In late January 2006, Major Momon, Contract Administrator, sent an email to Seraphim stating he was reviewing the contract.

43. In an email of 2 February 2006, Seraphim responded stating that it was a small, disabled-veteran, minority-owned business.

44. In response to this, Contracting Officer Schenk terminated the contract for the convenience of the government on 8 February 2006.

45. After meeting with Seraphim, Lt Colonel James Blanco, Assistant to the Director, Small Business Program Office, Secretary of the Army, wrote to Major Momon on 16 February 2006 stating in part:

> After reviewing documentation provided by Mr. Hook to include the contract, mods and termination letter, we find it

> challenging to determine your rationale for the Termination for Convenience (TforC). This is (sic) situation is further troubling because it appears that Seraphim, a small, Service-Disabled Veteran-Owned Small Business (SDVOSB), will be forced to leave the theater because of the economic hardship caused by terminating Contract W912D1-06-C-0018.

46. Thus, Lt Colonel Blanco expressed the fact that termination would force Seraphim to leave the theater, causing substantial termination damages.

## Winding Up of Operations

47. Following termination, Seraphim wound up operations, doing its best to mitigate damages.

48. It worked to obtain and obtained gratuitous consents to terminate early its one-year supply contracts with its subcontractors.

49. Seraphim was able to minimize the damage to the Government since upon notice of termination, Seraphim was able to negotiate early termination of all of its supply, warehouse, and transportation contracts.

50. As a consequence, Seraphim's termination damages do not include any contractual penalties or breach of contract damages incurred through subcontracts.

51. After seeking reconsideration through Lt Colonel Blanco and after seeking alternate contracts, it terminated all its employees and paid for the return of some employees to the United States.

52. Messrs. Hook and Hightower are currently actively seeking employment in the United States and elsewhere as well as having Seraphim bid on other contracts.

53. Messrs. Hook and Hightower worked each a total of

eleven weeks on this contract—seven during the period of the contract from 19 December 2005 to 8 February 2006 and four during the winding up period from 8 February 2006 to 8 March 2006.

54. Ms. Wanda Cirrincione earned two weeks of salary by traveling to Kuwait.

55. Mr. Anthony Hook earned two weeks of salary.

56. Mr. JerryJoe Hook earned five weeks of salary by traveling to Kuwait and performing services.

57. As soon as Seraphim determined that it would be unable to assign these employees to other work, their employment was termination.

58. Seraphim was then obligated to return these employees to the United States.

## Breakdown of Claim

59. Seraphim's claim, then, is limited to the following:

**a. Randy Hook Compensation**

| Bonuses | $2,769 in salary for 11 weeks worked | **Total Randy Hook Compensation** |
|---|---|---|
| $20,000 | $30,459 | **$50,459** |

**b. Michael Hightower Compensation**

| Bonuses | $2,307 in salary for 11 weeks worked | **Total Michael Hightower Compensation** |
|---|---|---|
| $20,000 | $25,377 | **$45, 377** |

**c. JerryJoe Hook Compensation**

| Bonuses | $1,789 in salary for 5 weeks worked | **Total JerryJoe Hook** |
|---|---|---|

| | | **Compensation** |
|---|---|---|
| $20,000 | $8,945.00 | **$28,945.00** |

**d. Anthony Hook Compensation**

| Bonuses | $1,789 in salary for 2 weeks available to work | **Total Anthony Hook Compensation** |
|---|---|---|
| $20,000 | $3,578 | **$23,578** |

**e. Wanda Cirrincione Compensation**

| Bonuses | $1,789 in salary for 2 weeks available to work | **Total Wanda Cirrincione Compensation** |
|---|---|---|
| $20,000 | $3,578 | **$23,578** |

**f. Cost of Air Transportation between Kuwait and United States**

Randy Hook family (Umesha S. Balasuriya, Maniesha R.B. Hook, Japheth I. Hook, Hannah N. Hook) (Seattle, Washington)...........................$17,050.00
Michael Hightower family (Saadia Hightower, Janai Hightower) (Nashville, Tennessee).......................................................................$14,722.00[1]
JerryJoe Hook (Seattle, Washington) ..........................................................$2,758.00
Wanda Cirrincione (Seattle, Washington) .....................................................$2,659.00
**Total ..........................................................................................................$37,189.00**

g. **Cost of Housing for Seraphim Employees**

Randy Hook family ($2,070 per month rent February through May) ............$8,280.00
Michael Hightower family ($2,210.00 per month rent)..................................$8,840.00
**Total ..........................................................................................................$17,120.00**

**Total Termination Expenses ..........................................$226,246.00**

[1] Randy Hook and Michael Hightower family travel also includes travel for Messrs. Hook and Hightower to return to the United States in order to accompany their families to Kuwait.

60. According to the Amendment of Solicitation/Modification of Contract effective 20 December 2005, if the contract had not been terminated, Seraphim would have earned minimum revenues of $3,500,002.

61. Seraphim estimates that its net profit would have been 23.72 percent of revenues or $830,200.

62. As a consequence of the Government's termination of Seraphim's contract for its convenience, Seraphim lost profits of $830,200.

63. On 31 October 2006, Seraphim submitted a Termination Proposal (Exhibit C), which was deemed denied when the U.S. Army made no response.

## Count I: Failure to Pay Appropriate Termination for Convenience Costs

64. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 63 as if set forth at length herein.

65. Due to the Contracting Officer's failure to issue a Final Decision on Plaintiff's Termination Claim within 60 days as allowed by the CDA, Plaintiff's claim is deemed denied.

66. Plaintiff demand judgment against Defendant in the sum of $226,246 for settlement expenses which are due to be paid and further demands attorney's fees and costs pursuant to the Equal Access to Justice Act and statutory interest.

## Count II: Bad Faith

67. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 66 as if set forth at length

herein.

68. Defendant's termination of the contract was motivated by bad faith or constituted an abuse of discretion.

69. As a consequence of the Government’s bad faith termination of Seraphim’s contract for its convenience, Seraphim lost profits of $830,200.

70. Plaintiff demands judgment against Defendant in the sum of $830,200 for damages caused by Defendant's termination and further demands attorney's fees and costs pursuant to the Equal Access to Justice Act and statutory interest.

## Count III: Breach of Covenant of Fair Dealing and Cooperation

71. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 70 as if set forth at length herein.

72. Plaintiff demands judgment against Defendant in the sum of $830,200 for damages caused by Defendant's breach of its duty of fair dealing and cooperation and further demands attorney's fees and costs pursuant to the Equal Access to Justice Act and statutory interest.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Under Count I, $226,246 in compensatory damages, interest, attorney's fees and costs;

B. Under Count II, $830,200 in compensatory damages, interest, attorney's fees and costs;

C. Under Count III, $830,200 in compensatory damages, interest, attorney's fees and costs.

Respectfully submitted,

Dated: _27 June 2007______ Signed: __s/Michael Trevelline______________

Michael J. Trevelline, DC Bar # 437454
Address: 1823 Jefferson Place, NW
Washington, DC 20036-2504
Telephone: (202) 737-1139/Fax: (202) 775-1118
Email: mjt@mjtlegal.com

Attorney for **Plaintiff Seraphim Transport Co.**

3 Exhibits:
A. First page of the Contract
B: Amendment of Solicition/Modification of Contract
C. Termination Proposal.

## Certificate of Filing

I hereby certify that on this **_27th_** day of **_June, 2007._** a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

__s/Michael Trevelline__________

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
*OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, AND 30*

1. REQUISITION NUMBER: W91XRV 5248 0369
PAGE 1 OF 26

2. CONTRACT NO.: W912D1-06-C-0018
3. AWARD/EFFECTIVE DATE: 01-Dec-2005
4. ORDER NUMBER:
5. SOLICITATION NUMBER: W912D1-06-R-0017
6. SOLICITATION ISSUE DATE: 10-Nov-2005

7. FOR SOLICITATION INFORMATION CALL:
a. NAME: COCKERHAM, JOHN L MAJ
b. TELEPHONE NUMBER (No Collect Calls): 011-965-389-2136
8. OFFER DUE DATE/LOCAL TIME: 12:00 AM 15 Nov 2005

9. ISSUED BY — CODE: W912D1
U.S. ARMY CONTRACTING COMMAND SWA-KUWAIT
HQ BLDG 216 ATTN:MR. SCHENK 965-389-2334
CP ARIFJAN AE 09366

TEL: 011-965-389-2334
FAX: 011-965-389-2333

10. THIS ACQUISITION IS
[X] UNRESTRICTED
[ ] SET ASIDE: % FOR
[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 312112
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS: .05% if paid in 3 days of invoicing

[ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING

14. METHOD OF SOLICITATION
[ ] RFQ [ ] IFB [X] RFP

15. DELIVER TO — CODE:
CFLCC C4
SHOEMAKE, DERRICK
CAMP ARIFJAN
KUWAIT AE 09366

16. ADMINISTERED BY — CODE:
**SEE ITEM 9**

17a. CONTRACTOR/ OFFEROR — CODE: 422XJ1
SERAPHIM TRANSPORT CO
MICHAEL D. HIGHTOWER
18507-21ST STREET, KPN
P.O. BOX 273
LAKE BAY WA 98349-0273
LAKEBAY, WA 98349-0273

TEL. 965-694-0063
FACILITY CODE:

18a. PAYMENT WILL BE MADE BY — CODE: S09076
ARCENT-KU-FINANCE SUPPORT UNIT
ATTN: COMMERCIAL ACCOUNTS
011-965-389-1396
APO AE 09366

[ ] 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a. UNLESS BLOCK BELOW IS CHECKED [ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | **SEE SCHEDULE** | | | | |

25. ACCOUNTING AND APPROPRIATION DATA
Schedule

26. TOTAL AWARD AMOUNT (For Govt. Use Only)
$0.00

[ ] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3, 52.212-5 ARE ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

[ ] 29. AWARD OF CONTRACT: REFERENCE OFFER DATED . YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR
[signature]

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)
John L. Cockerham

31c. DATE SIGNED: 19-Dec-2005

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT)
Partner

30c. DATE SIGNED: 19 Dec 05

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)
COCKERHAM, JOHN L. MAJ / CONTRACTING OFFICER
TEL: 011-965-389-2136 EMAIL: j

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002)
Prescribed by GSA
FAR (48 CFR) 53.212

Seraphim0012

EXHIBIT A

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 5

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO.(If applicable) |
|---|---|---|---|
| P00001 | 20-Dec-2005 | W91XRV 5246 0399 | |

6. ISSUED BY CODE DASA02
ARCENT-KU-CONTRACTING OFFICE
US ARMY CENTRAL COMMAND-KU
ATTN: DIRECTORATE OF CONTRACTING
APO AE 09366

7. ADMINISTERED BY (If other than item 6) CODE W912D1
U.S. ARMY CONTRACTING COMMAND SWA-KUWAIT
HQ BLDG 216 ATTN:MR. SCHENK 965-389-2334
CP ARIFJAN AE 09366

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
SERAPHIM TRANSPORT CO
MICHAEL D. HIGHTOWER
16507-21ST STREET, KPN
P.O. BOX 273
LAKE BAY WA 98349-0273
LAKEBAY, WA 98349-0273

CODE 422XJ1 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MOD. OF CONTRACT/ORDER NO. W912D1-06-C-0018

X 10B. DATED (SEE ITEM 13) 19-Dec-2005

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN ...CTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, ...ided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor ☐ is not, ☐ is required to sign this document and return _____ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Is to adjust the funding of the call and place the correct amount of the order

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) | |
|---|---|---|---|
| Michael D. Hightower | | COCKERHAM, JOHN L. MAJ / CONTRACTING OFFICER<br>TEL: 011-965-389-2136 EMAIL: john.cockerham@arifjan.arcent.army.mil | |
| 15B. CONTRACTOR/OFFEROR<br>[signature]<br>(Signature of person authorized to sign) | 15C. DATE SIGNED<br>21 Dec 05 | 16B. UNITED STATES OF AMERICA<br>BY John L. Cockerham<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>20-Dec-2005 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

Seraphim0038

EXHIBIT
B

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

The total cost of this contract was increased by $3,500,002.00 from $0.00 to $3,500,002.00.

SUPPLIES OR SERVICES AND PRICES

CLIN 1001

This CLIN has been renumbered to CLIN 1000.

The CLIN extended description has changed from This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery. Period of performance is as neededPOC is Major Derrick Shoemake at 389-5601, Please see terms of SOP to This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery. Period of performance is as neededPOC is Major Derrick Shoemake at 389-5601, Please see terms of SOP Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001..

The pricing detail quantity 608,696.00 has been added.

The unit price amount $5.75 has been added.

The total cost of this line item has increased by $3,500,002.00 from UNDEFINED to $3,500,002.00.

CLIN 1001 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1001 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP
This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".
The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.
Period of performance is as needed
POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP
Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1002 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1002 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP
This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".
The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.
Period of performance is as needed
POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP
Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1003 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1003 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP
This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".
The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.
Period of performance is as needed
POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP
Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1004 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1004 | | | Case | $0.00 | $0.00 |
| OPTION | Bottle Water Delivery to Iraq | | | | |

FFP
This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".
The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.
Period of performance is as needed
POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP
Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

As a result of this modification, the total funded amount for this document was decreased by $13,499,998.00 from $17,000,000.00 to $3,500,002.00.

CLIN 1000:

AA: 216 2010.0000 01-1100 4X2A00 26EB VIRQ S12120 was decreased by $13,499,998.00 from $17,000,000.00 to $3,500,002.00

DELIVERIES AND PERFORMANCE

The following Delivery Schedule Item has been deleted from CLIN 1001:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-DEC-2005 TO 01-DEC-2008 | N/A | CFLCC C4<br>SHOEMAKE, DERRICK<br>CAMP ARIFJAN<br>KUWAIT AE 09366<br>430-5601<br>FOB: Destination | |

INSPECTION AND ACCEPTANCE

The following Acceptance/Inspection Schedule was added for CLIN 1001:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1002:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1003:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1004:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

(End of Summary of Changes)

P00001 | 20-Dec-2005 | W91ARV 5240 0389

6. ISSUED BY CODE DASA02

ARCENT-KU-CONTRACTING OFFICE
US ARMY CENTRAL COMMAND-KU
ATTN: DIRECTORATE OF CONTRACTING
AE 09366

7. ADMINISTERED BY (If other than item 6) CODE W912D1

U.S. ARMY CONTRACTING COMMAND SWA-KUWAIT
HQ BLDG 216 ATTN:MR. SCHENK 965-389-2334
CP ARIFJAN AE 09366

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
SERAPHIM TRANSPORT CO
MICHAEL D. HIGHTOWER
18507-21ST STREET, KPN
P.O. BOX 273
LAKE,BAY WA 98349-0273
LAKEBAY, WA 98349-0273

CODE 422XJ1 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MOD. OF CONTRACT/ORDER NO. W912D1-06-C-0018

X 10B. DATED (SEE ITEM 13) 19-Dec-2005

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor ☐ is not, ☐ is required to sign this document and return _____ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Is to adjust the funding of the call and place the correct amount of the order

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)
Michael D. Hightower

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
COCKERHAM, JOHN L. MAJ / CONTRACTING OFFICER
TEL: 011-965-389-2136 EMAIL: john.cockerham@arifjan.arcent.army.mil

15B. CONTRACTOR/OFFEROR
[signature]
(Signature of person authorized to sign)

15C. DATE SIGNED
21 Dec 05

16B. UNITED STATES OF AMERICA
BY John L. Cockerham
(Signature of Contracting Officer)

16C. DATE SIGNED
20-Dec-2005

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

**SUMMARY OF CHANGES**

SECTION SF 1449 - CONTINUATION SHEET

SOLICITATION/CONTRACT FORM

The total cost of this contract was increased by $3,500,002.00 from $0.00 to $3,500,002.00.

SUPPLIES OR SERVICES AND PRICES

CLIN 1001

This CLIN has been renumbered to CLIN 1000.

The CLIN extended description has changed from This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery. Period of performance is as neededPOC is Major Derrick Shoemake at 389-5601, Please see terms of SOP to This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery. Period of performance is as neededPOC is Major Derrick Shoemake at 389-5601, Please see terms of SOP Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001..

The pricing detail quantity 608,696.00 has been added.

The unit price amount $5.75 has been added.

The total cost of this line item has increased by $3,500,002.00 from UNDEFINED to $3,500,002.00.

CLIN 1001 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1001 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP

This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".

The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.

Period of performance is as needed

POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP

Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1002 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1002 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP

This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".

The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.

Period of performance is as needed

POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP

Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1003 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1003 | | | Case | $0.00 | $0.00 |
| OPTION | BPA Bottle Water | | | | |

FFP

This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".

The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.

Period of performance is as needed

POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP

Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

CLIN 1004 is added as follows:

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1004 | | | Case | $0.00 | $0.00 |
| OPTION | Bottle Water Delivery to Iraq | | | | |

FFP

This is a Delivery Order BPA for Bottle Water into Iraq. The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle water to any location in Iraq as needed. The contractor is responsible to have all invoices signed at each location. Each contracting officer representative shall sign the invoices as being "Received and Accepted".

The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem maximum delivery.

Period of performance is as needed

POC is Major Derrick Shoemake at 389-5601, Please see terms of SOP

Calls and MODs will be made as needed as water is requested. Each Clins corespond to each call for this company. Delivery Order 1001 is equal to Clins 1001.

NET AMT $0.00

Funded Amount $0.00

FOB: Destination

ACCOUNTING AND APPROPRIATION

Summary for the Payment Office

As a result of this modification, the total funded amount for this document was decreased by $13,499,998.00 from $17,000,000.00 to $3,500,002.00.

CLIN 1000:

AA: 216 2010.0000 01-1100 4X2A00 26EB VIRQ S12120 was decreased by $13,499,998.00 from $17,000,000.00 to $3,500,002.00

DELIVERIES AND PERFORMANCE

The following Delivery Schedule Item has been deleted from CLIN 1001:

| DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|
| POP 01-DEC-2005 TO 01-DEC-2008 | N/A | CFLCC C4<br>SHOEMAKE, DERRICK<br>CAMP ARIFJAN<br>KUWAIT AE 09366<br>430-5601<br>FOB: Destination | |

INSPECTION AND ACCEPTANCE

The following Acceptance/Inspection Schedule was added for CLIN 1001:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1002:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1003:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

The following Acceptance/Inspection Schedule was added for CLIN 1004:

| INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|
| N/A | N/A | N/A | Government |

(End of Summary of Changes)

Seraphim Transport Co
Your International Transportation Specialis
18507-21st ST, KPN, P.O. Box 273, Lakebay, WA 98349 USA - APO AE 09366 - P.O. Box 76176, 00508, Yaya, Nairobi, Kenya

*Termination Proposal*
*28 October 2006*

28 October 2006

MAJ Marcellus Newson
Deputy Contracting Commander – Military
ASG-KU-DOC (USA CC SWA–KU)
011-965-389-3737
Camp Arifjan, Kuwait
APO AE 9366
marcellus.j.newson@us.army.mil

**RE: Receipt of Termination Proposal of Seraphim Transport Company—Contract W912D-06-C-0018—Claim for Bad Faith Termination and for Breach of Contract**

Dear MAJ Newson:

This is acknowledgment that Seraphim Transport Company, a Small Disadvantaged Veteran Owned Business, has submitted its termination settlement proposal on the above-referenced contract to you on this day in person on Camp Arifjan in Kuwait.

Your acknowledgment by signing and dating information herein below:

Djitteye, Ousmane (For MAJ Newson) 31 Oct 2006
Name (print in full) Date

[signature]
Signature

Admin, GV.
Title/Rank

cc: Mr. Michael J. Trevelline, Attorney-at-Law
Mr. Robert A. Klimek, Jr., Attorney-at-Law
Lt. Colonel James A. Blanco, Assistant to the Director Office of Small and Disadvantaged Business Utilization
The Honorable U.S. Representative Norman D. Dicks

EXHIBIT
C

Seraphim Transport Co

Your International Transportation Specialis

18507-21st ST, KPN, P.O. Box 273, Lakebay, WA 98349 USA - APO AE 09366 - P.O. Box 76176, 00508, Yaya, Nairobi, Kenya

28 October 2006

MAJ Marcellus Newson
Deputy Contracting Commander – Military
ASG-KU-DOC (USA CC SWA–KU)
011-965-389-3737
Camp Arifjan, Kuwait
APO AE 9366
marcellus.j.newson@us.army.mil

**RE: Termination Proposal of Seraphim Transport Company—Contract W912D1-06-C-0018—Claim for Bad Faith Termination and for Breach of Contract**

Dear MAJ Newson:

I am writing on behalf of Seraphim Transport Company ("Seraphim") to submit its termination settlement proposal on the above-referenced contract. Seraphim is claiming compensation for the costs Seraphim incurred to prepare to meet its obligations under the contract and to wind-down its operations after the contract was terminated. In addition, I am submitting a claim for bad faith termination and for breach of contract. The following brief summary of the contract provides the background needed to understand the expenses incurred.

**Seraphim Transport Company**

Seraphim is a Washington State general partnership of Messrs. Randy Hook and Michael Hightower. In the fall of 2005, these two partners were residing in Kuwait working at well-paid positions for a Kuwaiti firm.

**The Contract and Its Solicitation**

On the morning of 13 November 2005 via email the Army notified Seraphim that it had issued a solicitation for bottled water, with proposals due only three days later at 10:00 am on 16 November 2005 (all times and dates Kuwait). Seraphim submitted a bid (or proposal) at 9:06 am on 16 November 2005. Seraphim was determined to be the low responsive, responsible

offeror, and was accordingly awarded the contract on 19 December 2005.*

The contract was a one-year agreement for the Government's requirements for bottled water to be delivered to various locations in Kuwait and Iraq. The original solicitation provided for a purchase of $17,000,000 worth of water and required warehousing and storage for approx. up to 450,000 cases per month. However, the modification effective 20 December 2005 reduced the contract to $3,500,002 for an annual contract. The contract as modified provided that Seraphim would deliver only 608,696 cases of bottled water to locations to be designated by the Army at the time it requesting particular deliveries. The contract termed these requests "Calls." Pursuant to the contract, Seraphim was required to be able to accept calls twenty-four hours per day and to make deliveries anywhere in Kuwait and Iraq as designated by the Army in the Call. Moreover the contract provided that, outside of total destruction, Seraphim was responsible for damage done to its delivery trucks. The contracting officer was Major John L. Cockerham.

Significantly, the contract required Seraphim to be able to make deliveries immediately upon award of the contract on 19 December 2005. (And in fact as noted below Seraphim did make prompt delivery of significant quantities of water shortly after being awarded the contract.)

**Seraphim Preparation for Performance**

Since the contract required immediate ability to deliver water, Seraphim without delay prepared to perform. It contracted with a supplier to provide bottled water after investigating the supplier's ability to perform bottled water on short notice in the quantities required by the Government. Likewise, Seraphim negotiated with transportation companies to supply trucks after diligently investigating them to assure they had the ability and wherewithal to transport bottled water on short notice in the quantities required by the Government to any location in Iraq. Since several transportation companies were

* Seraphim was told by responsible procurement officials that its price was almost half of that of the next lowest bidder.

available and able to supply trucks on short notice, Seraphim shrewdly made known to the companies that they were competing. As well, Seraphim contracted for office and warehouse space.

Seraphim was able to minimize the damage to the Government since upon notice of termination, Seraphim was able to negotiate early termination of all of its supply contracts. As a consequence, Seraphim's termination settlement proposal does not include any contractual penalties or breach of contract damages for its subcontractors.

As soon as the contract was awarded, Seraphim contracted for employees. Seraphim contracted for five employees to service the contract for one year. The five include the two Seraphim principals.

**Seven Employment Contracts**

Seraphim entered into seven employment contracts and Seraphim limits its claim to a small part of its obligations under five of these contracts. Randy Hook was to work full-time as a contract manager. Mr. Hook's compensation for the year was set at $144,000 as well as a $10,000 signing bonus and a $10,000 completion bonus. The salary of $144,000 breaks down to weekly pay of $2,769. Michael Hightower was also hired to work full-time as an operations manager. Mr. Hightower's compensation for the year was set at $120,000 and the same $20,000 in bonuses. His $120,000 annual salary breaks down to weekly pay of $2,307.

Seraphim employed JerryJoe Hook and brought him to Kuwait from the United States in January 2006 to work as freight supervisor and driver. His annual salary was $92,000, with $20,000 in the same bonuses. His annual salary of $92,000 breaks down to weekly pay of $1,789. Seraphim employed Anthony Hook as a freight supervisor. His annual salary was $92,000, with $20,000 in the same bonuses. Thus, his annual salary of $92,000 breaks down to weekly pay of $1,789. Seraphim employed Wanda Cirrincione and brought her to Kuwait from the United States to work as warehouse attendant and ordering supervisor. Her annual salary was $92,000, with

$20,000 in the same bonuses. Thus, her annual salary of $92,000 breaks down to weekly pay of $1,789.

Seraphim employed Saadia Omar Haji Musa and Umesha Balasuriya to work part-time as warehouse attendants/office clerks when Ms. Cirrincione was unavailable or needed assistance. Their annual salary was $11,000 each, with no bonuses or benefits. They performed no duties relevant to the contract. As such, Seraphim is not making a claim for costs incurred under their employment contracts.

Seraphim offered salaries and benefits in line with contractor employment of U.S. expatriates in Kuwait. A $10,000 signing bonus and a $10,000 completion bonus is well within the recognized business practice of other government contractors. The completion bonuses are owing since the employment agreements provide that completion bonuses are due and owing when non-completion is not the fault of the employee. Seraphim paid the cost of bringing two employees from the United States to Kuwait—JerryJoe Hook, and Wanda Cirrincione. As well, Seraphim undertook to transport the immediate family of its employees to Kuwait and to provide housing for all employees and their families.

**Work Completed Under the Contract**

Seraphim began operations promptly after being awarded the contract on 19 December 2005 and received a call for 40,000 cases of one-half liter bottles of water in late January 2006. Seraphim promptly deliver the 40,000 case of water to a location in Iraq on time. Accordingly, pursuant to the contract, Seraphim billed the Army $230,000 for the water (40,000 x $5.75). Seraphim has received payment.

**Termination of the Contract**

In late January 2006, Major Momon, Contract Administrator, sent an email to Seraphim stating he was reviewing the contract. In an email of 2 February 2006, Seraphim responded stating that it was a small disabled-veteran minority-owned business. In response to this, Contracting Officer Schenk terminated the contract for the convenience of the government on 8 February 2006.

After meeting with Seraphim, Lt Colonel James Blanco, Assistant to the Director, Small Business Program Office, Secretary of the Army, wrote to Major Momon on 16 February 2006 stating in part:

"After reviewing documentation provided by Mr. Hook to include the contract, mods and termination letter, we find it challenging to determine your rationale for the Termination for Convenience (TforC). This is (sic) situation is further troubling because it appears that Seraphim, a small, Service-Disabled Veteran-Owned Small Business (SDVOSB), will be forced to leave the theater because of the economic hardship caused by terminating Contract W912D1-06-C-0018."

Thus, Lt Colonel Blanco expressed the obvious fact that termination would force Seraphim to leave the theater, causing substantial termination damages.

**Winding Up of the Contract**

Following termination, Seraphim wound up operations, doing its best to mitigate damages. After seeking reconsideration through Lt Colonel Blanco and after seeking alternate contracts, it returned the employees brought from the United States back home. It worked to obtain and obtained gratuitous consents to terminate early its one-year supply contracts with its subcontractors. Messrs. Hook and Hightower are currently actively seeking employment in the United States and elsewhere as well as having Seraphim bid on other contracts, all without success at this time.

Messrs. Hook and Hightower worked each a total of eleven weeks on this contract—seven during the period of the contract from 19 December 2005 to 8 February 2006 and four during the winding up period from 8 February 2006 to 8 March 2006. Ms. Wanda Cirrincione earned two weeks of salary by traveling to Kuwait. Mr. Anthony Hook earned two weeks of salary. Mr. JerryJoe Hook earned five weeks of salary by traveling to Kuwait and performing services. As soon as Seraphim determined that it would be unable to assign these employees to other work, their employment was termination.

Seraphim was then obligated to return these employees to the United States.

Seraphim's claim then is limited to the following:

a. **Randy Hook Compensation**

| Bonuses | $2,769 in salary for 11 weeks worked | **Total Randy Hook Compensation** |
|---|---|---|
| $20,000 | $30,459 | **$50,459** |

b. **Michael Hightower Compensation**

| Bonuses | $2,307 in salary for 11 weeks worked | **Total Michael Hightower Compensation** |
|---|---|---|
| $20,000 | $25,377 | **$45, 377** |

c. **JerryJoe Hook Compensation**

| Bonuses | $1,789 in salary for 5 weeks worked | **Total JerryJoe Hook Compensation** |
|---|---|---|
| $20,000 | $8,945.00 | **$28,945.00** |

d. **Anthony Hook Compensation**

| Bonuses | $1,789 in salary for 2 weeks available to work | **Total Anthony Hook Compensation** |
|---|---|---|
| $20,000 | $3,578 | **$23,578** |

e. **Wanda Cirrincione Compensation**

| Bonuses | $1,789 in salary for 2 weeks available to work | **Total Wanda Cirrincione Compensation** |
|---|---|---|
| $20,000 | $3,578 | **$23,578** |

**f. Cost of Air Transportation between Kuwait and United States**

| | |
|---|---|
| Randy Hook family (Umesha S. Balasuriya, Maniesha R.B. Hook, Japheth I. Hook, Hannah N. Hook) (Seattle, Washington) | $17,050.00 |
| Michael Hightower family (Saadia Hightower, Janai Hightower) (Nashville, Tennessee) | $14,722.00* |
| JerryJoe Hook (Seattle, Washington) | $2,758.00 |
| Wanda Cirrincione (Seattle, Washington) | $2,659.00 |
| **Total** | **$37,189.00** |

**g. Cost of Housing for Seraphim Employees**

| | |
|---|---|
| Randy Hook family ($2,070 per month rent February through May) | $8,280.00 |
| Michael Hightower family ($2,210.00 per month rent) | $8,840.00 |
| **Total** | **$17,120.00** |

**Total Termination Claim .................................................... $226, 246.00**

**Claim for Bad Faith Termination and Breach of Contract**

According to the Amendment of Solicitation/Modification of Contract effective 20 December 2005, if the contract had not been terminated, Seraphim would have earned minimum revenues of $3,500,002. Seraphim estimates that its net profit would have been 23.72 percent of revenues or $830,200. As a consequence of the Government's bad faith termination of Seraphim's contract for its convenience resulted in minimum lost profits to Seraphim of $830,200.

Please write with any questions.

**33.207 Contractor Certification**

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

---

* Randy Hook and Michael Hightower family travel also includes travel for Messrs. Hook and Hightower to return to the United States in order to accompany their families to Kuwait.

Very truly yours,

Randy G. Hook

cc: Mr. Michael J. Trevelline, Attorney-at-Law
Mr. Robert A. Klimek, Jr., Attorney-at-Law
Lt. Colonel James A. Blanco, Assistant to the Director Office of Small and Disadvantaged Business Utilization
The Honorable U.S. Representative Norman D. Dicks

7 October 2006

MAJ Marcellus Newson
011-965-389-3737
Department of the Army
Southwest Asia Contracting Command—Kuwait
TP346, Camp Arifjan, Kuwait
APO AE 9366

**RE: Receipt of Termination Proposal of Seraphim Transport Company—Contract W912D-06-C-0018—Claim for Bad Faith Termination and for Breach of Contract**

Dear MAJ Newson:

This is acknowledgment that Seraphim Transport Company, a Small Disadvantaged Veteran Owned Business, has submitted its termination settlement proposal on the above-referenced contract to you on this day in person on Camp Arifjan in Kuwait.

Your acknowledgment by signing and dating information herein below:

MARCELLUS NEWSON — 5 OCT 06, 1530 HRS

Name (print in full) — Date

[signature] — MAJ / DCO

Signature — Title/Rank

cc: Mr. Michael J. Trevelline, Attorney-at-Law
Mr. Robert A. Klimek, Jr., Attorney-at-Law
Lt. Colonel James A. Blanco, Assistant to the Director Office of Small and Disadvantaged Business Utilization
The Honorable U.S. Representative Norman D. Dicks

Seraphim Transport Co.
Your International Transportation Specialists
18507-21st ST, KPN, P.O. Box 273, Lakebay, WA 98349 USA - APO AE 09366 - P.O. Box 76176, 00508, Yaya, Nairobi, Kenya

28 October 2006

MAJ Marcellus Newson
Deputy Contracting Commander – Military
ASG-KU-DOC (USA CC SWA–KU)
011-965-389-3737
Camp Arifjan, Kuwait
APO AE 9366
marcellus.j.newson@us.army.mil

**RE: Receipt of Termination Proposal of Seraphim Transport Company—Contract W912D-06-C-0018—Claim for Bad Faith Termination and for Breach of Contract**

Dear MAJ Newson:

This is acknowledgment that Seraphim Transport Company, a Small Disadvantaged Veteran Owned Business, has submitted its termination settlement proposal on the above-referenced contract to you on this day in person on Camp Arifjan in Kuwait.

Your acknowledgment by signing and dating information herein below:

MARCELLUS JEROME NEWSON — 3 Nov 06

Name (print in full) — Date

[signature] — DCO, MAJ

Signature — Title/Rank

cc: Mr. Michael J. Trevelline, Attorney-at-Law
Mr. Robert A. Klimek, Jr., Attorney-at-Law
Lt. Colonel James A. Blanco, Assistant to the Director Office of Small and Disadvantaged Business Utilization
The Honorable U.S. Representative Norman D. Dicks