IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SERAPHIM TRANSPORT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-359C |
| | ) | (Judge Francis M. Allegra) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief may be granted. In support of defendant's motion, we rely upon the complaint, exhibits attached to this motion,[1] and the following brief.

ISSUES PRESENTED

1. Whether this Court lacks jurisdiction to entertain Seraphim Transport Company's ("Seraphim") claims, or Seraphim has failed to state a claim upon which relief may be granted, relating to a Blanket Purchase Agreement ("BPA") Seraphim entered into with the United States.

---

[1] While Plaintiff has attached the full text of two modifications to the original agreement to its complaint, plaintiff failed to include the full text of the original solicitation that created the agreement. Plaintiff instead provided only the first page. Am. Compl., Ex. A. Because the entire text of the solicitation is integral to the claim at issue in this case, we provide the full text of the solicitation in the appendix attached to this motion. App. at 1-26. Additionally, plaintiff did not attach the proposal it offered in response to the solicitation. We attach plaintiff's proposal to this motion. App. at 26-46. Given the jurisdictional nature of this motion, the Court may look outside the pleadings and consider the relevant documents attached to this motion. Johnson Controls World Servs., Inc. v. United States, 44 Fed. Cl. 334, 340 (1999) (quoting Reynolds v. Army & Air Force Exchange Serv., 846 F.2d 746, 747 (Fed. Cir. 1988)).

## STATEMENT OF THE CASE

### I. Nature Of The Case

Seraphim filed its original complaint on June 7, 2007, and an amended complaint on June 27, 2007. Seraphim seeks damages related to the formation of, and calls on, an agreement with the United States for the provision of bottled water in Iraq. Am. Compl. ¶¶ 5-10.[2] Seraphim alleges that this agreement is a contract. Am. Compl. ¶¶ 7. Seraphim contends that: (1) the Government terminated a contract and failed to pay appropriate termination costs; (2) the Government acted in bad faith; and (3) the Government breached its duty of fair dealing and cooperation. Am. Compl. ¶¶ 64-72. Seraphim seeks damages of $1,866,646. Am. Compl. ¶¶ 66, 69-70, 72.

### II. Statement Of Facts

The relative scarcity of potable water located at United States military facilities in Iraq requires the Army to purchase bottled water for military personnel stationed within Iraq. On November 10, 2005, solicitation number W912D1-06-R-0017 was released as a request for proposals (RFP) on a Standard Form 1449 with offers due no later than November 15, 2005. App. at 1. The RFP contains two sections titled "Statement of Work" ("SOW"). The first SOW contains terms and conditions related to BPAs including Federal Acquisition Regulation Part 13.303. App. at 3.

Paragraph 3 provides a description of the agreement:

> The Vendor shall supply and deliver CENTCOM [Central Command] approved cases of bottled water (24 each 0.5 liter bottle per case) and (12 each, 1.5 liter bottles per case) or other sized as required to locations in

[2] "Am. Compl." refers to Seraphim's complaint filed in this Court.

> Iraq if and when requested by a contracting officer (or the authorized representative of the contracting Officer) during a one (1) year period of time. Only a Contracting Officer shall conduct negotiations or solicitations for prices and additional requirements. Supplies and services shall be identified on individual purchases (call).

Id. Paragraph 5 describes the extent of the obligation:

> The Government is obligated only to the extent of authorized calls (made vial [sic] verbal, emails, faxes) actually placed against this blanket purchase agreement and the vendor delivers and receipt and accepts by the Government. The Government shall not be liable in any manner in the event no calls or emails are made.

Id. The solicitation states that the BPA is effective for one year from the date of the agreement, unless either party withdraws in writing. Id.

The schedule in the solicitation contains a single line item, contract line item number (CLIN) 1001 "BPA Bottled Water." App. at 19. The CLIN lists the agreement as "FFP" or firm fixed price. Id. The text of the CLIN notes that "This is a Delivery Order BPA." Id. The CLIN lists two purported minimum delivery amounts. Id. The first minimum is stated in the text of the CLIN: "The contractor shall deliver a minimum of 20,000 cases of CENTCOM approved bottle [sic] water to any location in Iraq as needed." Id. The second minimum is also listed in the CLIN text: "The contractor shall deliver at a minimum of 1,000 cases per week for 4 weeks with an unlimitem [sic] maximum delivery." Id. The solicitation lists "12:00 AM 15 Nov 2005" as the offer due date. App. at 1.

Seraphim submitted its response with a price quote of $5.75 per case of water delivered. App. at 42. Seraphim submitted its proposal late, submitting it at "9:08 am on 16 November 2005." Am. Compl., Ex. C. Seraphim's proposal states "We understand the total IDIQ BPA for Iraq is not completed, and we would like to be an active participant in this planning if we are a

successful award." Ex. 2 at 15. The proposal also notes that Seraphim is a "professional contractor for this Water BPA." Id. Seraphim's own proposal refers to the agreement as a BPA again on page 16. App. at 42.

The solicitation was signed on December 19, 2005 by Major John Cockerham, the Army contracting officer, and Michael D. Hightower, a purported partner in Seraphim. Am. Compl., Ex. A. The SF 1449 contains a total award amount of $0.00. Id. The document was modified on December 20, 2005. Am. Compl., Ex. B. The modification renumbered CLIN 1001 to CLIN 1000 and added four new CLINs reflecting option years. Id. The modification again referred to the agreement as "a Deliver Order BPA for Bottle [sic] Water into Iraq." Id. The minimums listed in the original single CLIN remained unchanged in the new CLIN. Id. The modification changed the CLIN to state "The pricing detail quantity of 608,696.00 has been added. The unit price amount $5.75 has been added. The total cost of this line item has increased by $3,500,002.00 from UNDEFINED to $3,500,002." Id.

Pursuant to the terms of the agreement, Seraphim admits that it billed the United States and received payment for the delivery of 40,000 cases of water. Compl. ¶¶ 38-41. Ultimately, defendant terminated its agreement with plaintiff for the convenience of the Government.

Seraphim submitted a termination proposal dated October 28, 2006. Am. Compl., Ex. C. The proposal requested $226,246.00, including employee bonuses and costs for transporting employee family members. Id. When no action was taken by the Government, Seraphim filed the present complaint.

# ARGUMENT

## I. Applicable Legal Standard

### A. Motion To Dismiss For Lack of Subject Matter Jurisdiction

Pursuant to RCFC 12(b)(1), this Court lacks subject matter jurisdiction over the claims in the complaint, the complaint must be dismissed. RCFC 12(b)(1). The plaintiff bears the burden of showing that the Court possesses jurisdiction over his claims. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Furthermore, the plaintiff must carry this burden by a preponderance of the evidence. Reynolds, 846 F.2d at 748.

In determining whether it possesses subject matter jurisdiction, this Court is to treat the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court may, however, take into account "evidentiary matters outside the pleadings" in making this determination. Indium Corp. Of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Thomas v. United States, 34 Fed. Cl. 619, 621 (1995). In addition, where a plaintiff has attached materials to his complaint, these materials may be considered as part of the complaint on a motion to dismiss. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334 1342 n. 6 (Fed. Cir. 2006).

### B. Limitations Upon The Jurisdiction Of The Court Of Federal Claims

The jurisdiction of this Court is limited; Congress has only granted this Court jurisdiction over claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993).

The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court:

> This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because the Tucker Act is merely a jurisdictional statute, however, it creates no substantive right to relief in suits against the United States. Accordingly, a plaintiff in this Court must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles him to relief. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995).

C. Contract Claims Against The Government

In order to state a breach of contract claim against the Government, a plaintiff must plead the existence of an express contract or an implied-in-fact contract embodying the obligation at issue. The elements of an implied-in-fact contract mirror those of an express contract, namely: "1) mutuality of intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance." City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) (citing Russell Corp. v. United States, 210 Ct.Cl. 596, 609, 537 F.2d 474, 482 (1976)). In addition, a plaintiff bringing a breach of contract claim must allege actual authority on the part of a Government representative to bind the Government in contract. City of El Centro, 922 F.2d at 820 (quoting Juda v. United States, 6 Cl. Ct. 441, 452 (1984)).

The Contract Disputes Act ("CDA") governs contract claims against the United States. This Court has found that if there is no contract, the CDA does not confer jurisdiction.

Zhengxing v. United States, 71 Fed. Cl. 732, 738 (2006), aff'd 204 Fed. Appx. 885 (Fed. Cir. 2006) citing Anderson v. United States, 344 F.3d 1343, 1353 (Fed. Cir. 2003); Total Medical Mgmt., Inc. v. United States, 104 F.3d 1314 (Fed. Cir. 1997).

Seraphim has failed to meet its burden to show that this Court possesses jurisdiction over its claims. Seraphim has failed to identify an express contract or implied-in-fact contract embodying the obligations set forth in its complaint. On the contrary, the instrument at issue in this case is not a contract (express or implied), rather, this case involves a BPA.

## III. This Court Lacks Jurisdiction And Seraphim Has Failed To State A Claim Pursuant to the Contract Disputes Act Because The Agreement is a Blanket Purchase Agreement, Not A Contract

The requirements for a binding contract with the United States are: "(1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in Contract." Zhengxing v. United States, 71 Fed. Cl. at 738. In this case, the agreement at issue is not a contract, but a BPA. "BPAs themselves are not contracts. Rather, BPAs are a 'simplified method of filling anticipated repetitive needs for supplies or services by establishing "charge accounts" with qualified sources of supply.'" Id., citing 48 C.F.R. § 13.303-1(a). No overarching contractual obligation exists because the government is liable only for those orders placed and delivered. Modern Systems Technology Corp. v. United States, 24 Cl. Ct. 360, 362 (1991), *aff'd*, 979 F.2d 200 (Fed. Cir. 1992).

In Modern Systems Technology Corp., the United States Court of Appeals for the Federal Circuit addressed a BPA with the United States Postal Service ("USPS"), where the plaintiff argued that it had a contract with the USPS because it was required to furnish services whenever

the USPS requested its services, and the plaintiff had no choice with regard to whether it would provide the requested services. Modern Systems Technology Corp., 979 F.2d at 202. The Court objected to the plaintiff's interpretation of the BPA as a contract because language in the agreement obligated the USPS "only to the extent of individual authorized orders actually placed under this agreement." Id. at 201. The Court noted that "[o]nly accepted orders would create any obligations." Id. at 202. Additionally, this Court has found that a BPA lacks the mutuality of intent required to form a binding contract. See Zhengxing, 71 Fed. Cl. at 738.

Here, Paragraph 5 of the SOW uses essentially the same language as the language that the United States Court of Appeals for the Federal Circuit, in Modern Systems Technology, determined did not create a contract. App. at 3. The language in this case provides that the

> Government is obligated only to the extent of authorized calls (made vial [sic] verbal, emails, faxes) actually placed against this blanket purchase agreement and the vendor delivers and receipt and accepts by the Government. The Government shall not be liable in any manner in the event no calls or emails are made.

Id. This language clearly limits the Government's liability to orders placed and delivered.

Furthermore, both parties performed in a manner consistent with the interpretation that this agreement is a BPA. Only individual calls on the BPA create contracts between the parties. Modern Systems Technology, 979 F.2d at 202. In this case, defendant made one call against the BPA; Seraphim performed and received payment. Therefore, this agreement, a BPA, lacks the mutual intent to form a binding contract, and plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:
Lanny J. Acosta, Jr.
Major, U.S. Army
Litigation Attorney

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

October 5, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 5th day of October, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Ellen M. Lynch