IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SERAPHIM TRANSPORT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 07-359C<br>(Judge Francis M. Allegra) |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this reply brief in response to plaintiff's opposition to the Government's motion to dismiss this action. We established in our motion that the complaint should be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. On November 2, 2007, Seraphim Transport Company ("Seraphim") filed its opposition to our motion to dismiss. Seraphim contends that this Court has jurisdiction to entertain the allegations in its complaint regarding the agreement at issue because the agreement contains a minimum purchase provision, and, therefore, cannot be a blanket purchase agreement (BPA). In addition, Seraphim raises factual allegations that it did not include in its complaint.

ARGUMENT

I. The Agreement Is A BPA, Or, In The Alternative, The Indefinite-Quantity Indefinite-Delivery Minimums Were Met

Seraphim argues that the agreement at issue in this case is not a BPA, and asserts that the minimum purchase requirement creates an indefinite-delivery indefinite-quantity (IDIQ) contract.

Opposition at 8.[1] Even if this Court considers this agreement to be an IDIQ contract, the Court must dismiss this case for failure to state a claim upon which relief can be granted because, as Seraphim admits, the Government ordered more than the minimum quantity required by the agreement.

While Seraphim's opposition focuses solely on the language in paragraph 5 of the Statement of Work (SOW), there is additional language throughout the agreement that supports our position that the agreement is a BPA, not a contract. As outlined in our motion to dismiss, contract line item number (CLIN) 1001 is identified as "BPA Bottled Water." Motion at 3.[2] The text of that CLIN notes that "This is a Delivery Order BPA." Id. Furthermore, it is clear from Seraphim's own proposal that it understood the agreement at issue to be a BPA. Id. at 3-4. Language in this agreement limited the Government's obligation to the extent of the orders placed under the agreement and the parties understood the agreement to be a BPA, therefore, the agreement is properly considered a BPA. See Modern Systems Technology Corp. v. United States, 24 Cl. Ct. 360, 362 (1991), aff'd, 979 F.2d 200 (Fed. Cir. 1992).

Seraphim contends that we have misstated the holdings of the cases cited in our motion to dismiss. This is untrue. The cited cases deal with agreements that the Court ultimately determined should be viewed as BPAs because the language of the agreement obligated the Government only to the extent of orders placed pursuant to the agreement. Zhengxing v. United States, 71 Fed. Cl. 732, 738 (2006) aff'd 204 Fed. Appx. 885 (Fed. Cir. 2006) (finding that the

---

[1] "Opposition at __" refers to Seraphim's Opposition to Defendant's Motion to Dismiss filed on November 2, 2007.

[2] "Motion at __" refers to our Motion To Dismiss filed on October 5, 2007.

agreement at issue lacked the mutual intent to form a binding contract because "Plaintiff's BPA states that '[t]he Agency shall be obligated only to the extent of authorized call orders actually placed under this agreement.'"); Modern Systems Technology Corp. v. United States, 979 F.2d 200, 202 (Fed. Cir. 1992) (noting that "[o]nly accepted orders would create any obligations.").

Alternatively, if this Court considers this agreement to be an IDIQ contract, Seraphim's claims still must be dismissed for failure to state a claim upon which relief can be granted. Seraphim asserts that the agreement at issue is an IDIQ contract because it contains a minimum purchase provision, and even admits that "Seraphim delivered water in response to calls in excess of the minimum." Opposition at 8, emphasis added. The inquiry ends there. As the United States Court of Appeals for the Federal Circuit has found, "[i]f the contract contains a minimum quantity clause, the buyer is required to purchase at least this minimum amount, but this is the extent of his legal obligation." Mason v. United States, 615 F.2d 1343, 1346 n.5 (Ct. Cl. 1980). Further, this Court has found that, "with the purchase of at least the Contract minimum, the government's obligations thereunder were extinguished . . . ." Abatement Contracting Corp. v. United States, 58 Fed. Cl. 594, 604 (2003). Therefore, because Seraphim asserts that the agreement at issue is an IDIQ contract and admits that the Government ordered and it delivered quantities of water in excess of the minimum, this Court should find that the Government has satisfied the extent of its legal obligation to Seraphim. As this Court has noted, "if pursuant to an indefinite quantity contract, the minimum contract specifications have been met, then a breach of contract based on a termination by the government is impossible." Rice Lake Contracting, Inc. v. United States, 33 Fed. Cl. 144, 154 (1995). According to Seraphim's own allegations, the Government did not breach the agreement; therefore, we respectfully request

that this Court dismiss Seraphim's complaint for failure to state a claim upon which relief can be granted.

II. Seraphim Waived Any Claims Or Arguments Regarding Alleged Bribery Attempts

We respectfully request that this Court find that Seraphim has waived any claims or arguments related to Major Cockerham and Major Momon's alleged bribery attempts. Seraphim raises these highly inflammatory allegations for the first time in its opposition to our motion to dismiss. As this Court has recognized, "plaintiff's failure to raise a claim or argument in its complaint may be deemed as a waiver of that argument by the plaintiff." So. Comfort Builders, Inc. v. United States, 67 Fed. Cl. 124, 153 (2005) (citing Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1366 (Fed. Cir. 2002). In So. Comfort Builders, Inc. v. United States, this Court determined that, even though plaintiff's claims were identified in the certified claim submitted to the contracting officer and included in the joint stipulation of facts submitted to the Court, plaintiff's failure to include those claims in the complaint before this Court resulted in a determination that the plaintiff had waived those claims. Id. at 152-53. In this case, these allegations of bribery were not raised in either the certified claim submitted to the contracting officer or in plaintiff's complaint in this Court, and therefore, any claims or arguments relating to these allegations must be considered waived.

Furthermore, it is clear from Mr. Hightower's affidavit that he, a partner in Seraphim, was aware of the alleged bribery attempt in early January 2006. "I understand by this that he was asking me for a bribe. I told him that I was not giving any money for a contract." Opposition, Exh. A at 4. Therefore, Seraphim cannot claim that it first learned of this alleged bribery scheme after filing its complaint in this case. For these reasons, we respectfully request that the Court

deem waived any claims or arguments related to the alleged bribery scheme.

## CONCLUSION

Seraphim's complaint must be dismissed for lack of subject matter jurisdiction, or, in the alternative, failure to state a claim upon which relief can be granted. If this Court determines, as Seraphim urges, that the agreement at issue is not a BPA and is instead an IDIQ contract, the Government has satisfied its obligations under the contract because it ordered and Seraphim delivered bottled water in excess of the minimum quantity required by the agreement. Therefore, the Government did not breach the agreement. For these reasons, the Government respectfully requests that the Court dismiss plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:
Lanny J. Acosta, Jr.
Major, U.S. Army
Litigation Attorney

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

November 19, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of November, 2007, a copy of the foregoing "DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Ellen M. Lynch