# In The United States Court of Federal Claims

**Seraphin Transport Co.**

Plaintiff,

vs.

**The United States**

Defendant

Case No. 07-359C
Judge Francis M. Allegra

## Motion for Leave to File Amended Complaint

The Plaintiff Seraphim Transport Co., pursuant to U.S. Court of Fed. Claims R. 15 (a) moves this court to grant Plaintiff leave to amend the complaint in conformity with the accompanying proposed amended complaint.

The facts and legal grounds on which this motion is based are:

As seen on the indictment, information and plea agreements of the two contracting officers that Seraphim dealt with found at Exhibits D & E of the proposed amended complaint, criminal charges were not filed or made public until well after this lawsuit was filed. Indeed, the criminal charges against Major Momon were not filed until 26 June 2008. The criminal charges and guilty pleas detail Majors Cockerham and Momon accepting large bribes from Seraphim's bottled-water-supplier competitors in exchange for contracts. The proposed

amendments bear largely on these bribery facts.

Respectfully submitted,

Dated: _3 September 2008_ Signed: __s/Michael Trevelline______________
Michael J. Trevelline, DC Bar # 437454
Address: 1823 Jefferson Place, NW
Washington, DC 20036-2504
Telephone: (202) 737-1139/Fax: (202) 775-1118
Email: mjt@mjtlegal.com
Attorney for **Plaintiff Seraphim Transport Co.**

## Certificate of Filing

I hereby certify that on this **_3rd_** day of **_September, 2008.** a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Since this motion with supporting memorandum and exhibits is over 50 pages, a copy is being mailed to chambers as well.

__s/Michael Trevelline__________

# In The United States Court of Federal Claims

| | |
|---|---|
| **Seraphin Transport Co.**<br>Plaintiff,<br>vs.<br>**The United States**<br>Defendant | Case No. 07-359C<br>Judge Francis M. Allegra |

## Memorandum of Points & Authorities
## in Support of
## <u>Motion for Leave to File Amended Complaint</u>

## I. Facts

As seen on the indictment, information and plea agreements of the two contracting officers that Seraphim dealt with found at Exhibits D & E of the proposed amended complaint, criminal charges were not filed or made public until well after this lawsuit was filed. Indeed, the criminal charges against Major Momon were not filed until 26 June 2008. The criminal charges and guilty pleas detail Majors Cockerham and Momon accepting large bribes from Seraphim's bottled-water-supplier competitors in exchange for contracts. The proposed amendments bear largely on these bribery facts.

## II. Law

United States Court of Federal Claims Rule 15 (a)

provides in part: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Courts generally will exercise their discretion to refuse an amendment only if allowing it would cause undue prejudice to the opposing party." Kane, Civil Procedure In a Nut Shell §3-9 (West Publishing Co., St. Paul 1991). The U.S. Supreme Court has addressed the question of when it is an abuse of discretion to deny a Rule 15 (a) motion to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Commentators summarize the analysis of whether a party will be prejudice thus:

> the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In order to reach a decision on this point, the court will consider the position of both parties and the effect the request will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the

> original pleading, and the injustice resulting to the party opposing the motion should it be granted.

Wright, Miller & Kane, Federal Practice and Procedure: Vol. 6 §1487 (1990)(citations omitted). Federal rule 15 (a) is largely identical and so the reasoning of cases and analysis construing that rule is applicable to this Court.

Finally, Rule 15 needs to be read in its proper perspective with the rest of the Rules of U.S. Court of Federal Claims:

> Technically, these amendments [to pleadings] are not necessary since Rule 54(c) provides that regardless of the formal demand for relief, "every final judgment will grant the relief to which the party in whose favor it is rendered is entitled . . . ." However, a party desiring to change the demand for relief may do so under rule 15(a). This may be the safer course to pursue, particularly if the party intends to ask for an entirely different form of relief and wants to be certain that the court considers that remedy. Amendment also avoids any possibility that the opposing party will object on the ground of surprise or prejudice."

Federal Practice and Procedure, supra at §1487 (citations omitted).

## III: Argument

No delay has been caused by Plaintiff. The criminal investigation and prosecution of the contracting officers was done in secret and much of the information has only become available in the last several months. Under these circumstances, Plaintiff should be permitted to amend the

complaint to add facts now available from these prosecutions.

## IIII: Conclusion

WHEREFORE, Plaintiff requests that its motion to amend the complaint be granted.

Respectfully submitted,

Dated: _3 September 2008_ Signed: __s/Michael Trevelline______________
Michael J. Trevelline, DC Bar # 437454
Address: 1823 Jefferson Place, NW
Washington, DC 20036-2504
Telephone: (202) 737-1139/Fax: (202) 775-1118
Email: mjt@mjtlegal.com

Attorney for **Plaintiff Seraphim Transport Co.**

2 Exhibits:
A. Second Amended Complaint (with Exhibits)
B. Proposed Order

## Certificate of Filing

I hereby certify that on this **_3rd_** day of **_September, 2008._** a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Since this motion with supporting memorandum and exhibits is over 50 pages, a copy is being mailed to chambers as well.

__s/Michael Trevelline__________