IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SERAPHIN TRANSPORT CO. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-359C |
| v. | ) | Judge Allegra |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7.1 of the Rules of the Court of Federal Claims ("RCFC") and this Court's inherent power to stay its proceedings, we respectfully request that the Court stay all proceedings in this matter. The requested stay is necessary in order to avoid interference with an ongoing criminal investigation by the United States Department of Justice into allegations that the contracting officers responsible for awarding and administering the contract that is the subject of this litigation accepted bribes from contractors. Plaintiff, Seraphin Transport Co. ("Seraphin"), is a subject of the investigation, including with respect to its activities related to the contract at issue in this case.

**BACKGROUND**

This lawsuit, filed June 7, 2007, involves a contract dispute arising under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, between Seraphin and the U.S. Army. The complaint in this action concerns Contract No. W912D1-06-C-0018 (the "contract"), awarded by the U.S. Army to Seraphin on or about December 1, 2005. Second Amended Complaint ("Compl.") ¶ 5, Exhibit A. The contract provided for the Seraphin to deliver bottled water to the Army upon the Army's request. Compl. ¶ 6, 9.

The contract was signed by the contracting officer, Major John Cockerham, and was administered by Major James Momon. Compl. ¶ 42, Exh. A. Major Cockerham later was indicted for accepting bribes from Government contractors and pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. § 201(b); and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Welch Decl. ¶ 2. In addition, Major Momon pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; and two counts of bribery, in violation of 18 U.S.C. § 201(b). Welch Decl. ¶ 3. In connection with Major Cockerham's and Major Momon's arrests and guilty pleas, DOJ is investigating possible corruption and contract illegalities at Camp Arifjan, Kuwait. Welch Decl. ¶ 1. Seraphin is a subject of that investigation. Welch Decl. ¶ 4.

**ARGUMENT**

Stays of civil litigation pending criminal investigations are appropriate in order to avoid the conflicts inherent in concurrent proceedings. Luigi Goldstein, Inc. v. United States, 217 Ct. Cl. 733 (1978); Litton Systems, Inc. v. United States, 215 Ct. Cl. 1056 (1978); Peden v. United States, 206 Ct. Cl. 329 (1975). In its decision in Peden, the United States Court of Claims articulated the sound policy against proceeding with civil actions when parallel criminal investigations are taking place, stating:

> We believe it has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts is warming up or under way . . . . [This practice] . . . rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.

Peden, 206 Ct. Cl. at 338.

This civil action is related to the criminal action and, thus, the continuation of the present

litigation might interfere with the criminal investigation. Discovery and litigation of this action likely will involve some of the same documents and the same witnesses as the criminal investigation and may, therefore, interfere with the ongoing criminal investigation. Moreover, given the above-described circumstances, the Government will want to consider asserting a defense and/or counterclaim of fraud in this action. Discovery on that issue will tread on precisely the same ground as is being investigated by the criminal authorities. In addition, we note that this Court issued similar stays in several cases related to the same criminal investigation, Gulf Group Gen. Enters. Co. v. United States, Fed. Cl. Nos. 06-835, 06-853; 06-858, 07-082 (consolidated before Judge Horn).[1]

We propose that the Government submit a status report to the Court every 90 days while the stay is in place, informing the Court of the status of the investigation and either proposing a schedule for further proceedings or requesting additional time for the stay, depending on the circumstances at that time. The first such status report would be due December 4, 2008.

For the foregoing reasons, we respectfully request a stay of proceedings.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

[1] We note that the stay in one of these cases, Fed. Cl. No. 06-853, was lifted prior to the consolidation of the cases before Judge Horn. The status of the stay has not yet been addressed by Judge Horn.

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 616-8253
Robert.Chandler@usdoj.gov

September 5, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert E. Chandler