# In The United States Court of Federal Claims

No.  07-359C

(Filed:  May 4, 2010)

_____

SERAPHIM TRANSPORT COMPANY,

                    Plaintiff,

     v.

THE UNITED STATES,

                    Defendant.

_____

**PROTECTIVE ORDER**

_____

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be confidential or sensitive law enforcement information, information that is competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable, or may implicate the Privacy Act of 1974, 5 U.S.C. § 552a.  The entry of a Protective Order is necessary to safeguard the confidentiality of that information.  Moreover, the court finds that limiting further disclosure of discovery materials in the manner contemplated in this Order will not impede plaintiff's ability to prepare and present its case.  Accordingly, it is hereby agreed between the parties and their counsel, and ordered by the court, that protected information provided formally or informally during the course of this action shall be disclosed by the parties as follows:

## I.     Law Enforcement Sensitive Information

1.     All discovery material designated by the United States as "Protected Law Enforcement Sensitive Information" shall be reviewed only by plaintiff, its attorney of record, employees of such attorneys to whom it is necessary that the materials be shown for the purposes of preparation, trial, and appeal of this matter, witnesses or potential witnesses, and experts or consultants assisting in the preparation, trial and appeal of this matter.

2.     Such witnesses, experts or consultants to whom discovery material is disclosed must be served with a copy of this Order prior to disclosures of discovery material to them.

3.     The parties must keep a record of their service of this Order in the form of a log showing the name of each person to whom disclosure was made, or by maintaining a copy of this Order signed by the person to whom disclosure was made until such time as all appeals in this matter are concluded.

## II.     Competition Sensitive Information

4.     "Protected Competition Sensitive Information" as used herein means:

    A.     Information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed or served by any party to this litigation that is designated as protected by a party (see section IV); and

    B.     Information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or affidavit taken or provided during this litigation that is designated as protected by a party (see section IV).

5.     Except as provided in paragraphs 7 and 8, the persons who may be given access to Protected Competition Sensitive Information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

6.     To be granted access to Protected Competition Sensitive Information, any such person shall first read this Order and, if an attorney, execute a copy of the Application for Access to Information Under Protective Order by Inside Counsel (Rules of the Court of Federal Claims ("RCFC") Appendix of Forms, Form 9) or, if a consultant expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (RCFC Appendix of Forms, Form 10). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the court, be permitted access to Protected Competition Sensitive Information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court. Such person shall not be given access unless and until the court authorizes such access.

7.    Paralegal, clerical, and administrative support personnel assisting and counsel who has been admitted under this Order may be given access to Protected Competition Sensitive Information if such personnel have first been informed by such counsel of the obligations imposed by this Order.

8.    Court, procuring agency, and Department of Justice personnel are automatically subject to the terms of this Order and are entitled to access to Protected Competition Sensitive Information, without further action.

9.    Any party may at any time object to another party's designation of particular information as Protected Competition Sensitive Material.  If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution.  Until the court resolves this matter, the disputed information shall be treated as protected.

## III.    Privacy Act Information

10.    Defendant is authorized to release to plaintiff, its counsel, defendant's expert witness or other representatives, and to the court in this case, records containing information that is protected by the Privacy Act (e.g., names, addresses, and social security numbers) ("Protected Privacy Act Sensitive Information") without obtaining prior written consent of the individuals to whom the records pertain.

11.    For purposes of this order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

12.    Except as otherwise ordered by this court, Protected Privacy Act Sensitive Information may be disclosed only to the following persons: (a) plaintiff and counsel for plaintiff in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (c) persons retained by plaintiff or its counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (e) any deponent in this case during his or her deposition and any person or persons recording such deposition by stenographic or other means; and (f) persons retained by defendant or its counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case.

13.    To be granted access to Protected Privacy Act Sensitive Information, any such person shall first read this Order and, if an attorney, execute a copy of the

Application for Access to Information Under Protective Order by Inside Counsel (RCFC Appendix of Forms, Form 9) or, if a consultant expert, execute a copy of the Application for Access to Information Under Protective Order by a Consultant or Expert (RCFC Appendix of Forms, Form 10).  The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party.  Such person shall, without further action by the party, be permitted access to Protected Privacy Act Sensitive Information at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection.  If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the court.  Such person shall not be given access unless and until the court authorizes such access.

14.    Neither the United States Department of Justice, the Department of the Army, nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any Protected Privacy Act Sensitive Information obtained by plaintiff's counsel under this order, or of any information contained in such documents.

### IV.    Provisions Applicable To All Protected Information

15.    Protected Law Enforcement Sensitive Information, Protected Competition Sensitive Information, and Protected Privacy Act Sensitive Information (collectively, "Protected Information") of any kind may be provided only to the court and to individuals authorized by this Order and must be in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information.  The following applies to all Protected Information:

A.    Each document containing Protected Information is to be clearly identified as follows:

**Protected Law Enforcement Sensitive Information**
**[or]**
**Protected Competition Sensitive Information**
**[or]**
**Protected Privacy Act Sensitive Information**

**to Be Disclosed Only in Accordance With**
**U.S. Court of Federal Claims Protective Order**

B.    Any courtesy copies of Protected Information that are filed with the court for use by the judge should be marked as such; and

    C.      The court will maintain properly marked protected pleadings or information under seal.

16.    A party that files a pleading in accordance with paragraph 15 above shall do so by filing it under seal and following the court's requirements for filing sealed documents.

17.    All protected material disclosed by the United States shall be used solely for the preparation, trial and appeal of this matter and for no other purpose whatsoever. The contents or substance of the discovery materials disclosed to the plaintiff and the plaintiff's counsel shall not be disclosed to any other individual or entity in any manner except as provided in this Order.

18.    Without the consent of the other parties, no private party may make more than three additional copies of protected materials, and may only make as many copies as are necessary for the preparation, trial and appeal of this matter. Private parties may make additional copies for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 15 of this Order.

19.    Each person covered by this Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information. The confidentiality of information learned pursuant to this Order shall be maintained in perpetuity.

20.    Upon conclusion of the action (including any and all appeals and remands), the original version of any sealed material that has been filed with the court under seal shall be retained by the court pursuant to RCFC 77.3(c). Copies of such materials filed with the court other than the original version may be returned by the court to the filing parties for disposition in accord with the following paragraphs of this Order.

21.    Within thirty (30) days after the conclusion of the action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received.

22.    Any party whose information has been designated as protected may at any time waive the protection of this Order with respect to any and all such information by

so advising counsel for all parties in writing, identifying with specificity the information to which this Order shall no longer apply.

23.     Nothing contained in this Order shall preclude a party from seeking relief from this Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

24.     If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Order.

25.     Counsel for the parties shall promptly report any breach of the provisions of this Order to counsel for the opposing party.  Upon discovery of any breach, plaintiff's, or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Order.  The parties shall reasonably cooperate in determining the reasons for any such breach.

26.     The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Order in the event such information is not confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge