# In The United States Court of Federal Claims

No. 07-359C

(Filed: November 21, 2011)

_____

SERAPHIM TRANSPORT CO.,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

On September 1, 2011, plaintiff filed a motion under RCFC 15 to further amend its complaint. Specifically, plaintiff seeks to file a third amended complaint raising a breach of contract claim (Count II) and a promissory estoppel/detrimental reliance claim (Count V). On September 15, 2011, defendant objected to this motion being granted. On September 23, 2011, plaintiff filed a reply to defendant's opposition.

Under RCFC 15, the grant or denial of a motion to amend the pleadings is within this court's discretion. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989); *see also Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). While leave to amend a pleading under RCFC 15(a) is to be "freely given when justice so requires," that permission is not automatic and may be denied, *inter alia*, when the opposing party would be substantially prejudiced by the amendment or when the amendment would be futile. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Principal Life Ins. Co. and Subsidiaries v. United States*, 75 Fed. Cl. 32, 33 (2007). Defendant alleges that the latter is the case here. A party faced with a possible denial based on futility "must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006).

Defendant correctly argues that Count V of plaintiff's proposed third amended complaint, which raises a promissory estoppel/detrimental reliance claim, would be futile. As defendant

notes, it is well established that this court lacks jurisdiction over claims based upon promissory estoppel, detrimental reliance or similar equitable contract doctrines.  *See*, *e.g.*, *Carter v. United States*, 98 Fed. Cl. 632, 638-39(2011); *Steinberg v. United States*, 90 Fed. Cl. 435, 444 (2009).

      Defendant, however, is incorrect in arguing that plaintiff's contract breach claim, found in Count II of its proposed third amended complaint, would be futile.   As to this count, defendant asserts that plaintiff failed to exhaust its administrative remedies under the Contract Disputes Act.   Specifically, it claims that plaintiff failed to submit a claim to the contracting officer that raised this matter.   It is, of course, axiomatic that this court "does not have jurisdiction over a new claim or a claim of different scope that was not previously prevented and certified to the contracting officer for decision."   *Armour of Am. v. United States*, 69 Fed. Cl. 587, 590 (2006) (citing *Santa Fe Eng'rs v. United States*, 818 F.2d 856, 859 (Fed. Cir. 1987); *see also United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed. Cir. 1991), *cert. denied*, 502 U.S. 919 (1991).   However, a claim is not new if it arises from the same operative facts and seeks the same categories of relief as the original claims.   *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003); *P.R. Contractors, Inc. v. United States*, 76 Fed. Cl. 621, 637 (2007), *aff'd*, 274 Fed. Appx. 897 (Fed. Cir. 2008) (per curiam).   And, in the court's view, such is the case with respect to plaintiff's breach claim, which the court views as augmenting the legal theories, based on facts that were refined in discovery, associated with the same course of conduct that was the basis for the claim previously filed with the contracting officer here.  *See AAB Jt. Venture v. United States*, 75 Fed. Cl. 414, 421 (2007); *Thermocor, Inc. v. United States*, 35 Fed. Cl. 480, 489-90 (1996).

      Accordingly, the court **DENIES** plaintiff's motion to amend its complaint insofar as it raises a promissory estoppel/detrimental reliance claim, but **GRANTS** the motion insofar as it raises a breach of contract claim.   With that understanding, the Clerk will file plaintiff's third amended complaint, a copy of which was attached to its motion to amend as Exhibit M, Part 1.

      **IT IS SO ORDERED.**

                                            s/ Francis M. Allegra
                                            Francis M. Allegra
                                            Judge